**SO ORDERED.**

**SIGNED this 22 day of August, 2011.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

REECE C. EDMONDS, III                        CHAPTER 13
                                             CASE NUMBER: 11-01064-8-RDD
    DEBTOR

JOHN M. KUBERA                               ADVERSARY PROCEEDING
                                             NUMBER: 11-00137-8-RDD
    Plaintiff

    v.

REECE C. EDMONDS, III

    Defendant

**ORDER DENYING MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Pending before the Court is the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted[1] filed by Reece C. Edmonds, III (the "Defendant") on June 20, 2011 (the "Motion to Dismiss") and the Memorandum in Response and Opposition to Motion to Dismiss of

---

[1] On August 17, 2011, the Plaintiff filed his Memorandum in Support of Defendant's Motion to Dismiss Pursuant to Rule 7012(b)(6).

Reece C. Edmonds, III (the "Plaintiff") filed on July 14, 2011 (the "Opposition"). The Court conducted a hearing on August 18, 2011 to consider the Motion to Dismiss.

## BACKGROUND

On February 11, 2011, the Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code. The Debtor filed his schedules and statements on March 10, 2011. The claim of John M. Kubera was listed on the schedules as a disputed and unliquidated claim. More specifically, that claim arises from a personal injury lawsuit filed by the Plaintiff against the Defendant in the Circuit Court of Arlington County (Virginia) on January 22, 2008 (the "Civil Action") alleging causes of action under Virginia state law for assault, battery, negligence, liability *per se*, and infliction of emotional of distress. The Civil Action was set on the trial calendar for February 14, 2011 but was stayed based upon the Defendant's filing of a petition for relief under chapter 13 on February 11, 2011. The parties do not dispute that at the time of the filing of the bankruptcy petition, the claims were pending adjudication and no judgment had been entered against the Defendant.

On March 9, 2011, the Plaintiff filed a Motion for Relief from the Automatic Stay in the main bankruptcy proceeding to which the Defendant objected. The Court conducted a hearing on April 19, 2011 and, on April 28, 2011, the Court entered an Order Granting the Motion of John M. Kubera for Relief from the Automatic Stay allowing the Arlington County Circuit Court to adjudicate that Civil Action in order to liquidate the Plaintiff's claim. Furthermore, that order specifically provided "that any judgment obtained by Kubera [the Plaintiff] in the Arlington County litigation [the Civil Action] be enforced through this Court."

## DISCUSSION

The Defendant argues that this claim may be discharged and, therefore, the complaint to establish non-dischargeability should be dismissed. He contends that because a judgment had not been entered against the Defendant in the Civil Action prior to the filing of the chapter 13 petition, section 1328(a)(4) does not apply and the claim, if any, would be discharged under section 1328(a).

The Plaintiff disagrees. He argues that the plain meaning of section 1328(a)(4) does not require that a judgment be entered or awarded prior to the filing of a petition for relief. He contends that when enacting the statute, Congress intended to make debts arising from such willful and malicious actions more difficult to discharge. If the Court was to interpret the statute as suggested by the Defendant, the Plaintiff asserts that this policy would be undercut if the injured party would be required to obtain a judgment prepetition as any defendant could seek protection under chapter 13 to discharge the debt without even having litigated the underlying civil proceeding to establish the facts surrounding the alleged harm.

Therefore, does the Plaintiff's complaint state a claim for relief, by requesting that a debt be determined nondischargeable, pursuant to 11 U.S.C. § 1328(a)(4), when damages in a civil action brought against a debtor have not been awarded prior to the filing of the bankruptcy petition?

Section 1328(a)(4) provides, in pertinent part:

> Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan...have been paid...the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt – (4) for restitution, or damages, *awarded* in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.(emphasis added).

3

The exception to discharge provision provided for in Section 1328(a)(4) was added to the Bankruptcy Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). A split of authority has developed as to whether or not a judgment or award is required prior to the filing of the petition.

The Defendant directs the Court to consider *Parsons v. Byrd (In re Byrd)*, 388 B.R. 875 (Bankr. C.D. Ill. 2007) and *In re Nuttal*, No. 06-014233, 2007 Bankr. LEXIS 4628 (Bankr. D.N.J. January 11, 2007). In *Parsons*, the court recognizes that sparse legislative history and case law exists relative to this subsection. 388 B.R. at 876-77. Because of this void, the court looked to two treatises for guidance, both of which suggested that the use of the past tense of the word "awarded" by Congress indicates its intent to require that a judgment or award of damages be entered prior to the filing of the petition if such debt is to be found non-dischargeable pursuant to Section 1328(a)(4). *Id*. at 877. The court went on to find that the debt, which resulted from injury inflicted upon the creditor during a bar fight, was allowed as a claim in the debtor's chapter 13 bankruptcy but was dischargeable as no award in a civil action had been made prior to filing. *Id*.

A number of courts have since considered this provision and have rejected the holdings of *Byrd* and *Nuttal.* See *Lepore v. Kerner,* U.S. Dist. LEXIS 112590 (Dist. N.J. October 20, 2010)(citing *Woods v. Roberts (In re Roberts),* 431 B.R. 914 (Bankr. S.D. Ind. 2010); *In re Morrison v. Harrsch (In re Harrsch),* 432 B.R. 169 (Bankr. E.D. Pa. 2010); *Waag v. Permann (In re Waag),* 418 B.R. 373 (BAP 9th Cir. 2009); *Buckley v. Taylor (In re Taylor),* 388 B.R. 115 (Bankr. M.D. Pa. 2008).

In *Buckley*, the court found that the term "awarded" did not function as a past tense verb but, instead, considered the phrase "awarded in a civil action against the debtor as a result of willful or

4

malicious injury by the debtor that caused personal injury to an individual or the debt of an individual to be a "past particip[le]...that serves as an adjective modifying the nouns restitution and damages." *Buckley*, 388 B.R. at 119. In *Lepore*, the District Court of New Jersey stated that "[a]s a past participle, 'awarded' merely signifies 'completion or an entry of restitution or damages at the time of the determination of nondischargeability.'" *Lepore*, 2010 U.S. Dist. LEXIS 112590 *10 (quoting *Waag*, 418 B.R. at 379).

With the enactment of BAPCPA in late 2005, courts have been left with a myriad of ambiguous and inconsistent provisions of the Bankruptcy Code to interpret. This Court finds it significant that the two decisions interpreting the word "awarded" as a past tense of the word "award" were both issued in 2007 and since then, a number of courts have rejected that interpretation. Requiring an injured party to rush to the courthouse to obtain an award prior to the alleged tortfeasor filing a petition for relief under chapter 13 that could discharge the injured parties' debt is an absurd result and contrary to good legislative policy and intent. *Morrison,* 432 B.R. at 174. State law provides a statute of limitations for certain tort claims. As such, a party injured by the willful and malicious acts of another should not be required to commence a lawsuit earlier than he or she would prefer solely to avoid having his debt discharged under Section 1328(a)(4). In addition, a competent defense attorney retained early in a civil case might well advise his client to file a petition for relief under chapter 13 to not only save on the costs of the civil action but also to discharge any possible exposure to the injured party.

Clearly, such is not the result Congress intended. Had Congress intended to require that an award in a civil action predate the filing of a petition, Congress could have specifically said so. It did not.

In this particular case, the automatic stay was lifted to allow the Civil Action to proceed so that the issue of liability, if any, could be established, and the amount of damages owed to the Plaintiff, if any, could be determined. This amount would then be the liquidated claim of the Plaintiff. State court litigation related to personal injury claims, breach of contract actions, and other torts are often pending at the time a bankruptcy petition is filed. Depending on the facts of each case, the bankruptcy court may lift the automatic stay to allow the state court to determine liability and the amount of the claim. Given this common practice, Congress certainly knew that such a determination of liability and the amount of the claim may occur after the filing of the bankruptcy petition. Therefore, this Court finds that by failing to include any specific requirement in the statute, Congress did not intend that the award of damages or restitution occur before a defendant in such an action files a petition for relief.

Therefore, the Motion to Dismiss is **DENIED**. The Defendant shall have twenty-one (21) days from the entry of this Order to file his answer to the complaint.

**SO ORDERED.**

**END OF DOCUMENT**